Is counsel ready in this case? There we go. Okay, Miss Bear, are you able to hear us? Good morning. Yes, I can hear you and we are ready. Okay. Do we have counsel for the government as well? Yes. Okay. And you can just keep. Thank you. Good morning. You can just keep your video on, sir. And so we can see everyone and judge worth. Are you able to hear us all? Yes, thank you. Okay, great. Miss Bear. Good morning. You may proceed. Good morning. We're asking that the court find that the petitioner here has met the standard for a change of circumstances, such that the change of circumstances are country conditions and not personal circumstances. The government argues that the petitioner affected the circumstances such that that would be a. He had induced it and that would make it a personal circumstance. This is a miscategorization misapplication of the law. The respondent had initially become a member of the Congress party. But the change in circumstances was not affected by him at all. There's a a worsening of the circumstances in India for members of the Congress party. And we're asking that the court grant his application. What is the status of your clients? So Mr. Singh, I understand, is no longer in the United States. That is correct, your honor. Is he reachable? He has not been reachable since April 7th of 2026. Okay, deported or did he leave voluntarily? My understanding is that he was deported. That was by accident. That was by accident. What's the status of the other petitioners? They, I believe, are also in India. The mother and the daughter? Yes. Are they reachable? They have not been reachable also since April 7th, 2026. Did they voluntarily leave the United States or were they removed? I believe they voluntarily left. The BIA treated the attacks on the petitioner's parents as a change in personal circumstances rather than a change in country conditions. And I take your position is that that was erroneous. Why do you argue that? Because the respondent did not do any, I'm sorry, the petitioner did not do anything to affect the circumstances. It's a general worsening or is it a worsening of the country conditions for people who are members or had been members of the Congress party. So, of course, every change of circumstance for an asylum seeker is going to have a personal consequence, a personal circumstance attached to it. But in this case, the respondent, the petitioner did meet the standard for the change, the country conditions change of circumstance under the law. What is the substantiation for this, for saying that there were these attacks? What evidence has he brought forward to make this allegation? Just his personal statement. And how did he find out about this? Through his parents. Have they submitted anything? They have not. Ms. Bair, are you, do you work for Jaspreet Singh's office? I do appearances on his behalf, Your Honor. Okay, so you're appearing here today on behalf of Mr. Singh? Yes, Your Honor. Did he move to withdraw his counsel? He did. And can you tell us anything about that motion? Yes, we had sought to, or he had sought to withdraw when the petitioner became unavailable and lacked cooperation. When that was denied, he asked me to appear today since the petitioner was denied, or the motion was denied, Your Honor. Well, it wasn't denied, it was deferred, but do you still maintain that it should be granted? Yes, that is what we are asking. And why is that? Because he has been unable to provide us with any evidence, and even if the case were to be remanded, he has expressed that the last time that Mr. Singh spoke to him that he is not interested in returning back to the United States. So, has he withdrawn his petition for review? He has not. That would have required an additional conversation with the petitioner that we were unable to have. So, you're just abandoning your client? I am not, Your Honor. I mean, I am happy to move forward and I'm prepared to do so today, but the client has abandoned us. So, he has not discussed anymore with us. We were unable to withdraw his case without his consent before the case was set for the oral argument today. Then we had sought to withdraw, which was the only thing that we could do, but I'm here today, Your Honor. Mr. Singh has asked me to, again, renew that motion, and if it's denied, then I'm happy to go forward. Do you have any indication as to whether the other petitioners, have you been able to speak with them as to whether they wish to pursue the petition for review as well? We have not been able to communicate with any of the other attached writers. Do you believe it's possible to contact them somehow, or you really don't even know how to get in touch with them? So, because they're in India, the only information that we have is the address and the Mr. Gurjeet Singh's phone number that he was using to communicate with us. We could try and obtain a letter, Your Honor, or send a letter, Your Honor. The mailing system in India is a little bit different, but we have no other way of communicating with them. And have you let them know or sent them notice that you intend to withdraw or wish to withdraw? We did send them via the messaging, text messaging on Mr. Gurjeet Singh's phone that we had intended to withdraw. And was that responded to? It was not. Okay, well, unless my colleagues have other questions for you, maybe we will let you save the rest of your time for rebuttal and we'll hear from the United States. Thank you, Your Honor. Eric Quick on behalf of the respondent. Your Honors, I wanted to start just by responding to the court's directed question on whether the board erred in finding those two incidents from 2025 were indeed a change in personal circumstances rather than in country conditions. The board did not err. Respondent is unaware of and petitioners don't point to any decision in this court where one visit to family members, which, remember, already happened at the merit stage. And then one beating three months thereafter reflects material change in country conditions. And I wanted to answer the court's question really in three parts. Just to pause you there, though, I mean, is that the ground for the BIA's decision that this was not material? They do talk about that there were no material change in country conditions. Yes. On page four. Right. But, I mean, in discussing the attacks on petitioners' parents, they also refer to it as a change in personal circumstances rather than a change in country conditions. Yes. So is your position that that's correct or that that's incorrect but can be resolved through some other way? Well, we're assuming here that the board meant what it said here, that it's a change in personal circumstances, but it really doesn't change the court's calculus. Because we have to understand that to be the change in personal circumstances, it must not be self-induced. And personal circumstance changes alone are never sufficient. But most importantly, they're helpful to the extent that they reflect or they inform record evidence of material change country conditions particular to this petition. How was this a change in personal circumstances? We did not examine how that is. The board determined that part of the claim. But how is that correct? I mean, I'm just asking, do you agree with this? I don't disagree. I don't – I have not briefed that particular issue of whether the board erred in that particular circumstance. But isn't that the question in the case? I mean, that's what they said. They did say – the question in the case is whether then we have the requisite change country conditions that are relevant to him. And we do not have that at all. But counsel, I guess what Judge Bress is getting at with his questions, and I'm not sure I'm hearing an answer to it, is if the BIA applies an erroneous legal standard by assuming that the visits were personal conditions as opposed to country conditions, wouldn't that be an abuse of discretion? And if it's not, then what makes this outside of petitioner's family's control or within their control? Well, we did cite, and I think perhaps it is a bit helpful to the Surinder Kumar case on our brief in page 22, although it's unreported. And that was also a situation in which there was an untimely motion, an affidavit that family members had been approached asking about this person's whereabouts. And the court did there find it was a change in personal circumstances, but personal circumstances alone, and that there were no requisite accompanying material change country conditions. So this is not an outlier necessarily on how the board examines this and how this court has done so as well with approaching family members in the country of origin and declaring them to be personal circumstances. If authorities go to somebody's family house and attack them, how is that a change in personal circumstances as opposed to a change in the conditions in the country? It's certainly not a change in country conditions. I suppose that it was after the merits hearing and that the change here was that this time the parents were beaten, whereas before they were only approached. But that's not within the control of the petitioner, right? That is not within his control exactly, which is why the court or the board determined that this is a change in personal circumstances because they can't be self-induced. Like self-induced. I'm sorry, Your Honor. How is it self-induced? It is not self-induced here, no. And the board made no such finding. The self-induced would be people who, for instance, would have, and I think the Najambani case we cite is illustrative. That's where a Chinese family has another child in this country and then talks about Chinese family planning conditions. That, this court says, is a self-induced change. This is quite different than that. Not only was it not himself, but it didn't happen in this country. It's not a self-induced change necessarily. Well, I guess I kind of agree with you, but then I'm wondering where do we go from here if it seems like maybe we're actually in agreement that some aspect of the BIA's analysis is not on firm footing. I don't say it's not on firm footing because it's not, there are certainly cases in this court, albeit unreported, that have much the same analysis or finding. So it's not without some degree of unreported precedent, Your Honor. Well, let me, on what basis do you think this issue can be resolved in your favor? I think it can be resolved in our favor if we just then go on to the material change in country conditions. And that's by looking at exactly what record evidence was presented with the motion to reopen. We have Mr. Singh's own statement. And remember, he doesn't talk about the two incidents particularly. He says nothing about an allegation of changed country conditions particular to him. He offers vague generalities of increase in human violence. And there's no comparison about how conditions would change from the merits hearing to his motion to reopen. And to respond to then we have 25 articles and reports that are produced. And we summarize those on pages 25 and 26 of our brief. Fourteen of those predate the April 2022 merits hearing. They do not mention anything substantively about the Congress Party. Three articles are of unknown date or source. They too mention nothing about the Congress Party. Eight articles or reports post-date the merits hearing. And let's assume you're right about all these articles. What about the later attacks? How does this help you on the later attacks on the family? How does this help us? It certainly doesn't reflect anything. There was only the one attack as I recall in April. And it's really irrelevant to whether it's a material change in country conditions. Because he pointed to nothing. Perhaps I can refer to the car decision. We also cited to that. Where they mentioned this was a case where an abusive husband goes to India. He dies. Then the family blames her. Threatens her if she returns. The court says, okay, this is a change in personal circumstances. Of which are out of the control. But there's also accompanying record evidence. About women and widows in India. That changed significantly since the merits hearing. And this court then goes through that evidence. That there is evidence that widows in India are now subject to more exploitation. That there are now dowry deaths. That their in-laws are actually killing a widow. And then the court actually does an analysis of the statistics in the record. Of how often there were rapes compared, for instance, at the merits hearing. Three rapes in 100,000. Or six in 2013. And it goes through this analysis. So, and I think the court's conclusion is a great one. And it's illustrative. They said the personal circumstance changes in India. Entirely outside her control. Relatedly with violence against women that has materially increased in India. Together constitute change country conditions. The personal circumstances are informed. And are relevant to record evidence of widespread country condition changes. It's the latter. I guess the issue I just struggle with here is that. If the characterization of the attacks as a change in personal circumstances is not right. Then really the analysis should be. You know, how severe were these new attacks? How different were these attacks from the prior attacks? What did the new attacks show about the risks to the family? Things like that. And those are some of the things you're talking about. It's just that the BIA didn't really go there, it seems. It did not go there. This court has gone there. Examining circumstances relevant to a petitioner. In a change country condition analysis. It did that in Reyes, Colorado. For instance. It talks about the many instances of how the family was harmed over 14 years. And then talks about the threshold. That those instances put across the threshold. A new viable asylum claim. But that was done in the context of the materially changed country conditions evidence. Your Honor. So that calculus has not been done in the personal circumstances necessarily. Okay. It looks like your time has run. Let me just see if my colleagues have other questions for you. Okay, Mr. Quick. Thank you very much, Mr. Quick and Ms. Bair. Thank you. You have a few minutes for rebuttal. Yes, Your Honor. So I think that it's pretty clear that the board erred in their decision. I think that the government has at least addressed that. That the petitioner here, he did not do anything to induce the change in circumstances that happened. That because he was a member of the Congress party. That after his application was denied. That his parents were harassed and harmed by government officials. I think that this is. I just want to ask one clarifying question. When you say BJP members or BJP workers. Are they part of the government? Has the government harassed them? Our belief and understanding is that these are people who were sent. They are workers of the BJP party who have been authorized by the government officials. And with the police to harass and harm the petitioner's family. On the April 19, 2025 event. Thank you. And so we believe that this is an abuse of discretion from the board. And a misapplication of the law. Such that it should be remanded back.  Doesn't appear there are further questions for you. So thank you for your presentation. Thank both sides for the briefing and argument. This matter is submitted. And we'll ask counsel for the 2nd case to please come on up. That is United States versus California State Water Resources Control Board. Case 25-588.
judges: WARDLAW, BRESS, SANCHEZ